IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID E. GIVENS,

        Plaintiff,                    No. 2:12-cv-0687 KJN P

    vs.

L.D. ZAMORA, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
3  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
6  as true the allegations of the complaint in question,  id., and construe the pleading in the light
7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
8  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9  Plaintiff names five individuals as defendants, and alleges defendants were
10 deliberately indifferent to plaintiff's serious medical needs based on their failure to prescribe
11 plaintiff morphine, or to ensure that plaintiff was prescribed morphine in response to plaintiff's
12 administrative appeals.  Plaintiff alleges he has severe osteoarthritis in both shoulders.  Plaintiff
13 had right shoulder arthroscopy in early 2009.  (Dkt. No. 1 at 7.)

14 First, plaintiff is advised that prisoners have no stand-alone due process rights
15 related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
16 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no
17 liberty interest entitling inmates to a specific grievance process).  Put another way, prison
18 officials are not required under federal law to process inmate grievances in a specific way or to
19 respond to them in a favorable manner.  Because there is no right to any particular grievance
20 process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process
21 rights based on allegations that prison officials ignored or failed to properly process grievances.
22 See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's
23 allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable
24 claim under the First Amendment); Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal.
25 Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate
26 appeals failed to a state cognizable under the Fourteenth Amendment).

Second, plaintiff does not articulate individual claims as to each defendant, but states, "regarding all named defendants." Plaintiff is advised that this is insufficient to put each defendant on notice as to the allegations plaintiff claims violated the Eighth Amendment.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

4

1  personal participation is insufficient).

2  Therefore, plaintiff must connect factual allegations to a named defendant. With
3  regard to Warden W. Knipp, also named as a defendant, but with no attendant charging
4  allegations, plaintiff must demonstrate a connection between defendant Knipp and the alleged
5  constitutional violation. Plaintiff may not name Warden Knipp as a defendant solely based on
6  his role as warden.

7  Third, plaintiff does not specifically identify his alleged constitutional violation.
8  Liberally construed, it appears plaintiff is attempting to raise an Eighth Amendment claim based
9  on alleged inadequate medical care.

10  To state a section 1983 claim for a constitutional violation based on inadequate
11  medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate
12  indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail,
13  plaintiff must show both that his medical needs were objectively serious, and that defendant
14  possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991);
15  McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that
16  significantly affects an individual's daily activities, an injury or condition a reasonable doctor or
17  patient would find worthy of comment or treatment, or the existence of chronic and substantial
18  pain. See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
19  grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

20  Deliberate indifference may be shown by the denial, delay or intentional
21  interference with medical treatment or by the way in which medical care is provided. Hutchinson
22  v. United States, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison
23  official must both be aware of facts from which the inference could be drawn that a substantial
24  risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S.
25  825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of
26  serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at

5

847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.  Deliberate indifference in the medical context may also be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

As presently pled, plaintiff's claims are confusing.  Plaintiff makes reference to falsifying documents regarding a "contract," and that defendant Soltanian determined morphine was not necessary for a "contract infraction two months before [the] contract [was] signed." (Dkt. No. 1 at 3.)  It is unclear what plaintiff means by the word "contract," or how that could relate to a pain medication prescription.  Because of the confused nature of plaintiff's allegations, the court cannot determine whether plaintiff can state a cognizable civil rights claim, or whether plaintiff has a difference of opinion with his treating physician as to appropriate pain treatment.  The exhibits provided by plaintiff demonstrate that plaintiff suffers severe shoulder pain.  But the exhibits also reflect that plaintiff was provided other medications for pain.  (Dkt. No. 1 at 30;

plaintiff given Toradol for pain.)  It appears plaintiff was initially provided morphine for his pain following orthopedic surgery.  Thus, it is unclear whether subsequent treating physicians reduced plaintiff's pain medications based on a medical opinion that plaintiff's pain should have diminished once he recovered from the surgery, or whether plaintiff can allege facts demonstrating that a particular physician was deliberately indifferent to plaintiff's serious medical needs by failing to prescribe pain medications for plaintiff's severe pain, or by prescribing ineffective pain medications.

      Plaintiff may be able to state a cognizable civil rights claim against his treating physician if plaintiff can allege facts demonstrating that plaintiff has presented to the physician in severe pain, even with presently prescribed medications, yet the physician was deliberately indifferent to plaintiff's severe pain.  Plaintiff must demonstrate, however, that there was a serious medical need, and that the physician acted, or failed to act, with a culpable state of mind, rather than based on plaintiff's medical condition.

      Therefore, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

how each named defendant is involved. Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

1  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
2  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
3  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
4  Failure to file an amended complaint in accordance with this order may result in the dismissal of
5  this action.

6  DATED: May 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

give0687.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID E. GIVENS,

        Plaintiff,                  No. 2:12-cv-0687 KJN P

    vs.

L.D. ZAMORA, et al.,                NOTICE OF AMENDMENT

        Defendants.

_____ /

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                            _____
                                            Plaintiff